UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEHMAN BROTHERS
HOLDINGS, INC.,

        Plaintiff,

vs.

STEPHEN O'LEARY et al.,

        Defendants.
_____/

Case No. 12-CV-14344

HON. GEORGE CARAM STEEH

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. # 21)

### INTRODUCTION

This case was filed by plaintiff Lehman Brothers Holdings, Inc. ("Lehman") against a real estate appraiser and his appraisal company, based on an appraisal of residential real estate performed in 2006. Defendants now move for summary judgment, asserting among other arguments that all of plaintiff's claims are barred by applicable statutes of limitations. Because the court finds that no question of material fact exists as to the defendants' entitlement to judgment, the court will grant the motion.

### BACKGROUND

In June of 2006, defendants performed an appraisal of residential property on Flamingo Drive in Shelby Township, Michigan. This appraisal was done in connection with a loan of $512,000 funded by Lehman Brothers Bank and granted to borrower Jose Hernandez, secured by the Shelby property.

In their appraisal, defendants opined that the market value of the property on Flamingo Drive was $651,000.  The appraisal was transmitted to "Best Choice Lending, Inc.," which was identified in the report as the "Lender/Client."  Although a report obtained by Aurora Loan Services (a Lehman mortgage subsidiary and underwriter) flagged a "potential value issue" with respect to the appraisal, after defendants provided more information on one of the comparable properties used in the appraisal, Aurora approved the loan for funding.

Soon thereafter, the borrower defaulted on the loan.  Aurora performed another review of the loan in March 2007.  A new appraiser was retained to perform a "review appraisal" of the property on Flamingo Drive, and that appraiser opined that on June 25, 2006, the loan origination date, the market value of the property was actually $450,000.

A sheriff's sale was conducted on October 31, 2008, when Aurora obtained title to the property.  Aurora sold the property on August 3, 2009, gaining net proceeds from the sale of $250,948.59.

On September 23, 2011, counsel for Lehman sent a letter to defendant O'Leary notifying him of Lehman's intent to file suit, based on the appraisal's alleged "overstatement" of the value of the Flamingo Drive property.  The letter stated in part:

> To date, not including pre-judgment interest and other recoverable costs and expenses (which [Lehman] is also entitled to receive), LBHI's losses total approximately $271,756.00. [Lehman] hereby demands that you indemnify it in full for these losses no later than twenty (20) days following the date of this letter.

Exh. 9 to Defendants' Brf.  Lehman then filed this lawsuit on September 30, 2012, and defendants' motion for summary judgment is now before the court for disposition.

STANDARD

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. Anderson, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

DISCUSSION

I.  Application of Statute of Limitations to Counts I-IV

The counts in plaintiff's complaint are as follows: Negligence (Count I); Negligent Misrepresentation (Count II); Gross Negligence (Count III); Professional Malpractice (Count IV); Breach of Warranty (Count V). The defendants' first argument addresses the counts of negligence, negligent misrepresentation, gross negligence, and professional malpractice, asserting that the counts are time-barred under the applicable statutes of limitations. Plaintiff contends that all of these counts are subject to a three

year statute of limitations, despite the explicit two year statute for malpractice actions of Mich. Comp. Laws Ann. § 600.5805(6), and that such statute did not begin to run until August 3, 2009. Because the parties entered into a tolling agreement at the end of July, 2012, plaintiff's position is that the action was timely filed.

As defendants argue, however, Mich. Comp. Laws Ann. § 600.5827 governs the accrual of a negligence claim. This is "at the time the wrong upon which the claim is based was done regardless of the time when the damage results." Id. Defendants cite Gebhardt v. O'Rourke, 444 Mich. 535, 545 (1994) for the proposition that the "occurrence of an *identifiable and appreciable* loss" (emphasis added) establishes the "harm," and that, accordingly, "it is not necessary that the full extent of the damage be known or even ascertainable, only that some ascertainable damage has occurred." Defendants' Brf. at 2.

Concerning when this harm was established, defendants point out that the review appraisal conducted in 2007 was received by the plaintiff on June 22, 2007, in which it was opined that the property's value was significantly lower than the year before. Foreclosure proceedings were then commenced, and Aurora obtained title to the property at the sheriff's sale on October 31, 2008. As defendants argue, Lehman was aware of harm in June 2007, and certainly by October 2008.[1] That harm, or loss, was simply quantified when the property was sold. Defendants quote from Royal Management Company, et al. v. Surnow, et al., 2013 WL 6084200 (Mich. App), on this issue: "[t]he period of limitation starts when the plaintiff knows or reasonably should

---

[1] In fact, plaintiff obtained several additional opinions on value in 2008 and 2009, which all reflected market values less than the loan amount.

-4-

know he was injured; it does not start again if the plaintiff learns the injury is more extensive...The 'wrong' is when the act and the first injury have occurred." See also Boyle v. Gen. Motors Corp., 468 Mich. 226, 231 n.5, 661 N.W.2d 557 (2003).

Whether the date of June 2007 or October 2008 is used, more than three years had passed by the time the parties entered into a tolling agreement. Therefore, the four counts asserting negligence-based counts are time-barred. Accordingly, the court will decline to address defendants' alternative (and likely successful) arguments on these counts, such as (a) defendants owed no duty to Lehman (for the reason that the appraisal was performed for a third party, Best Choice Lending); (b) a statement of opinion, rather than fact, cannot be the basis of a negligent misrepresentation claim; and (c) that it could not possibly be established that defendants' conduct was "so reckless" to support a gross negligence claim.

II.     Breach of Warranty Claim

Concerning plaintiff's warranty claim, as defendants point out, there is no information in the complaint specifying what kind of warranty plaintiff contends defendant gave. In plaintiff's response brief, it states only that defendants "warrant[ed] the value conclusion" contained in their report. Defendants correctly argue this inarticulate claim must fail for several reasons.[2]

First, there was no contract between the parties to this litigation which created any kind of express or implied warranty. In fact, the appraisal stated that it "may not be

---

[2]Defendants initially asserted a statute of limitations argument on this claim as well, but withdrew it at oral argument.

used or relied upon by other than the stated intended user," which was Best Choice Lending.

Next, the appraisal report itself contained a disclaimer:

> 5. The appraiser has noted in this appraisal report any adverse conditions (such as needed repairs, deterioration, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property or that he or she became aware of during the research in performing this appraisal....and makes no guarantees or warranties, express or implied.

Defendants thus assert that the "appraisal report at issue contains an explicit and unambiguous disclaimer of any warranties, express or implied, with respect to merchantability and fitness for a particular purpose." Defendants' Brf. at 16.

Plaintiff contends that the statement at subsection #5 (quoted above) disclaiming warranties had only to do with physical deficiencies, and point to "Certification 23," also a part of the appraisal:

> The borrower, another lender at the request of the borrower, the mortgagee or its successors and assigns, mortgage insurers, government sponsored enterprises, and other secondary market participants may rely on this appraisal report as part of any mortgage finance transaction that involves any one or more of these parties.

Plaintiff relies on this language in its argument on both the negligence claims as well as the breach of warranty claim that Certification 23 created a duty and/or warranty upon which "participants in the mortgage finance industry" were entitled to rely. See, e.g. Plaintiff's Brf. At 18.

As defendants argued in their initial and reply briefs, the service provided in preparing an appraisal was neither the sale of a good nor covered by any contract between the parties to this litigation. Plaintiff alleges no details about the asserted

-6-

warranty. The court questions how a professional real estate appraiser's opinion on the value of real estate–by definition, an estimated value–could possibly comprise a warranty as to that value. And if a warranty were to exist under these circumstances, how close would the appraisal have to be to a second valuation or sale to satisfy that warranty and avoid potential liability for the appraiser? An appraisal could almost never match the *exact* value, especially in uncertain economic conditions with relatively-high priced real estate as in the instant case.

The court is convinced this is simply plaintiff's attempt to recast the time-barred negligence counts in another form. The court finds absolutely no authority for the concept that either an express or implied warranty, benefitting a third party, could result from a real estate appraisal such as that performed in this case. Plaintiff's sole citation in response to this section of the argument is a 1921 case dealing with the shipment of melons, Dinovo Fruit Co. V. McClintick & Co., 214 Mich. 620, 623-24 (1921). That case is inapposite to this one. Defendants' citations, although also many decades old, state the law that an express warranty is a matter of the contract containing that warranty, but that, depending on the circumstances, an implied warranty may be made by a service provider to the *entity contracting for that service*. See Murphy v. Gifford, 228 Mich. 287, 200 N.W. 263, 266 (1924), Nash v. Sears Roebuck & Co., 383 Mich 136, 174 N.W.2d 818 (1970). The court's independent research has only confirmed these principles.

As stated above, Lehman was not a party to the defendant's agreement to provide a real estate appraisal, and provides neither argument nor authority about being a third-party beneficiary of a contract entered into by defendants to provide appraisal

services.  Lehman simply does not have a breach of warranty claim under these circumstances.

## CONCLUSION

For the foregoing reasons, the defendants' motion is hereby **GRANTED**. Judgment will enter for defendants.

**IT IS SO ORDERED**.

Dated:  April 17, 2014

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 17, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---